John T. MEEHAN, Public Administrator, County of The Bronx, State of New York, as Administrator of the Estate of Mathew Feeley, Deceased, Plaintiff

v.

UNITED STATES of America, Defendant.

United States District Court
S. D. New York.
March 12, 1959.

Elaine F. Friedman, New York City, for plaintiff.

Arthur Christy, U. S. Atty., John S. Clark, Asst. U. S. Atty., New York City, for United States.

NOONAN, District Judge.

This action was brought under the provisions of the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671–2680, to recover for the death of Mathew Feeley.

The trial of this action commenced before the court without a jury on November 5, 1958 and after an extended adjournment to enable the plaintiff to secure a further deposition from the deceased's mother, Bridget Feeley, who resides in Ireland, the trial was continued on February 9, 1959. At the conclusion of the plaintiff's case, the defendant moved for a dismissal of the action on the grounds that the plaintiff had failed to make out a prima facie case.

The facts of this action may be summarized as follows:

The deceased, a veteran of the United States Army, having served in the Korean War, was admitted to the Veterans Hospital at Kingsbridge Road, Bronx, New York, on July 2, 1954.

Based upon the history given to the hospital employees the deceased was placed in a closed ward. The facts as they developed on the trial show that the Hospital refused to accept the deceased until room was available in the closed ward.

The hospital record of the deceased would indicate that his stay in the hospital was uneventful and that the patient was improving.

On July 9, 1954, an orderly, Carlton T. Barber, was assigned to conduct the deceased to a laboratory in another part of the hospital. As the orderly and the deceased were proceeding up a flight of stairs to the second floor, the deceased bolted ahead and hurled himself through an unbarred window. As a result of the injuries sustained in this fall Mathew Feeley died the same day.

The attorney for the plaintiff contends that the manner in which the deceased was being conducted to this laboratory was negligent in that no restraints of any kind were used, although they were available and moreover Mr. Barber did not even have his hands on the deceased as they were proceeding up the stairs.

■■ While a plaintiff in a death action is not held to as high a degree of proof as is required in the normal case, this is not a total dispensation. The plaintiff's attorney must still prove his case and he does not do this merely by showing the death and declaring that but for the defendant's neglect the death would not have occurred. The court cannot infer negligence from the mere happening of the death.

In the case at bar the plaintiff's attorney has failed to prove that the death of Mathew Feeley was caused by the negligence of the defendant. There is no testimony or proof present in the record which would justify a holding that the judgment of the hospital personnel was negligent. The plaintiff's attorney alleges that restraints were available but not used, yet there is no testimony in the record to indicate that on the day of the accident sound judgment dictated that restraints be used.

■ We, therefore, hold that the plaintiff has not made out a prima facie case and the complaint is, therefore, dismissed without costs.

So ordered.